## HUESTON *v.* JONES.

Where in an action by the holder of a note against the maker, there is no allegation nor proof,
that certain obligations of the payee, pleaded in compensation by the maker, were held by
him before the transfer of the note to the plaintiff, the latter will be entitled to recover,
though the note was transferred to him after maturity.

A printed book, purporting to contain the statutes of another State, and to have been printed
by the authority of its legislature, not authenticated according to the act of Congress of 26
May, 1790, is inadmissible to prove a statute of that State.

APPEAL from the District Court of Claiborne, *Taylor*, J.    *Vaughn*, for
the plaintiff.    *Lawson*, for the defendant.    The judgment of the court
was pronounced by

SLIDELL, J.    This is an action on a promissory note, made by the defendant
to the order of *Crownover*, payable one day after date, and endorsed by the
payee to the plaintiff, by an endorsement bearing date two years after maturity.
The defendant answered by a general denial.    He also pleaded that the plain-
tiff is not the owner of the note, but that it was held by *Abraham Hueston*,
with whom the plaintiff had colluded for the purpose of avoiding the defendant's
defence.    He annexes certain joint and several obligations of one *Beal* and
*Abraham Hueston* to his answer, which he pleads in compensation.    He also
propounded interrogatories to the plaintiff.    The answers to these interrogato-
ries negative the charge of collusion, assert the ownership of the note to be in
the plaintiff by a transfer for value, and the plaintiff's ignorance of any defence
existing against the note at the time of the transfer.

118

HUESTON.
*v.*
JONES.

The evidence adduced by the defendant, and that also which he proposed to offer and which the court rejected, were insufficient to defeat the plaintiff's claim. There was no allegation in the answer, nor any thing in the evidence offered, nor in that proposed to be offered, to show that the obligations pleaded in compensation were held by the defendant previous to the transfer of *Jones'* note to the plaintiff.

The court properly refused to receive in evidence a printed book, purporting to contain the statutes of Mississippi, and to be printed by the authority of the legislature of that State, to prove the laws of that State. See the case of *Phillips* v. *Murphy, ante* p. 654.    *Judgment affirmed.*